Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Crosby S. Connolly (SBN: 286650)
crosby@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Attorneys for Patricia Nelson

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patricia Nelson,<br><br>Plaintiff,<br><br>v.<br><br>Berman & Rabin, P.A. and LVNV Funding, LLC<br><br>Defendants. | **Case No:** '13CV1008 JAH  KSC<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

HYDE & SWIGART
San Diego, California

**INTRODUCTION**

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

1  collection practices are not competitively disadvantaged, and to promote

2  consistent State action to protect consumers against debt collection abuses.

3  2.  The California legislature has determined that the banking and credit system

4  and grantors of credit to consumers are dependent upon the collection of just

5  and owing debts and that unfair or deceptive collection practices undermine

6  the public confidence that is essential to the continued functioning of the

7  banking and credit system and sound extensions of credit to consumers. The

8  Legislature has further determined that there is a need to ensure that debt

9  collectors exercise this responsibility with fairness, honesty and due regard

10  for the debtor's rights and that debt collectors must be prohibited from

11  engaging in unfair or deceptive acts or practices.

12  3.  Patricia Nelson, ("Plaintiff"), through Plaintiff's attorneys, brings this action

13  to challenge the actions of Berman & Rabin, P.A., ("Berman & Rabin"), and

14  LVNV Funding, LLC, ("LVNV"), collectively, ("Defendants"), with regard to

15  attempts by Defendants to unlawfully and abusively collect a debt allegedly

16  owed by Plaintiff, and this conduct caused Plaintiff damages.

17  4.  Plaintiff makes these allegations on information and belief, with the exception

18  of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which

19  Plaintiff alleges on personal knowledge.

20  5.  While many violations are described below with specificity, this Complaint

21  alleges violations of the statutes cited in their entirety.

22  6.  Unless otherwise stated, all the conduct engaged in by Defendants took place

23  in California.

24  7.  Any violations by Defendants were knowing, willful, and intentional, and

25  Defendants did not maintain procedures reasonably adapted to avoid any such

26  violation.

27

28

**HYDE & SWIGART**
San Diego, California

**JURISDICTION AND VENUE**

8.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Because Defendants do business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendants conducted business within the State of California.

**PARTIES**

13. Plaintiff is a natural person who resides in the City of Riverside, State of California.

14. Berman & Rabin is located in the City of Overland Park, in the State of Kansas.

15. LVNV is located in the City of Carson City, in the State of Nevada.

16. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

18. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from

HYDE & SWIGART
San Diego, California

1    Plaintiff, and is a "debtor" as that term is defined by California Civil Code §

2    1788.2(h).

3  19.  Defendants, in the ordinary course of business, regularly, on behalf of

4    himself, herself, or others, engages in debt collection as that term is defined

5    by California Civil Code § 1788.2(b), is therefore a debt collector as that term

6    is defined by California Civil Code § 1788.2(c).

7  20.  This case involves money, property or their equivalent, due or owing or

8    alleged to be due or owing from a natural person by reason of a consumer

9    credit transaction.  As such, this action arises out of a consumer debt and

10    "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

11  **FACTUAL ALLEGATIONS**

12  21.  Sometime before January 28, 2008, Plaintiff is alleged to have incurred

13    certain credit card related financial obligations.

14  22.  These financial obligations were primarily for personal, family or household

15    purposes and are therefore a "debt" as that term is defined by 15 U.S.C.

16    §1692a(5).

17  23.  These alleged obligations were money, property, or their equivalent, which is

18    due or owing, or alleged to be due or owing, from a natural person to another

19    person and are therefore a "debt" as that term is defined by California Civil

20    Code §1788.2(d), and a "consumer debt" as that term is defined by California

21    Civil Code §1788.2(f).

22  24.  Sometime thereafter, but before January 28, 2008, Plaintiff allegedly fell

23    behind in the payments allegedly owed on the alleged debt.  Plaintiff currently

24    takes no position as to the validity of this alleged debt.

25  25.  Subsequently, but before January 28, 2008, the alleged debt was assigned,

26    placed, or otherwise transferred, to LVNV for collection.

27

28

HYDE & SWIGART
San Diego, California

26. On or about January 28, 2008, LVNV filed a state collections lawsuit against Plaintiff in the Superior Court of California, County of Riverside, Case No. BAC-010307.

27. On or about September 8, 2008, LVNV requested an entry of Default Judgement with the court in Case No. BAC-010307.

28. On or about September 8, 2008, the Clerk of The Court filed the Default Judgement in Case No. BAC-010307.

29. On or about September 2, 2009, LVNV dismissed the state collections lawsuit filed against Plaintiff in the Superior Court of California, County of Riverside, Case No. BAC-010307, with prejudice.

30. Subsequently, on or about February 12, 2013, Berman & Rabin mailed a dunning letter to Plaintiff. A few days later, Plaintiff received the letter.

31. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

32. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

33. Berman & Rabin's February 12, 2013 letter to Plaintiff, in spite of the fact Plaintiff's  Case No. BAC-010307 was dismissed with prejudice, attempted to settle Plaintiff's already-extinguished alleged debt with LVNV.

34. Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.   Consequently, Defendants violated 15 U.S.C. § 1692f(1).

35. Subsequently, on or about March 1, 2013, Berman & Rabin, acting on behalf of LVNV, contacted Plaintiff at Plaintiff's place of employment.

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

36. During Berman & Rabin's March 1, 2013 telephonic conversation with Plaintiff's place of employment, Berman & Rabin spoke with Plaintiff's Supervisor, requesting that Plaintiff's Supervisor transfer Berman & Rabin's phone call to Plaintiff, as Berman & Rabin stated that this was a "private" and "personal matter." Plaintiff's Supervisor then transferred Berman & Rabin's phone call to Plaintiff. Berman & Rabin stated to Plaintiff that Berman & Rabin were calling on behalf of a debt Plaintiff had incurred through LVNV. Berman & Rabin then referred to Plaintiff as "Patricia Ruben," a last name that Plaintiff used at the time of LVNV's state collections lawsuit in 2008, but a last name that Plaintiff, now Patricia Nelson, no longer goes by. Berman & Rabin further demanded that Plaintiff give Berman & Rabin Plaintiff's Social Security Identification Number.

37. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

38. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A).

39. Through this conduct, Defendants used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

40. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants violated 15 U.S.C. § 1692f.

41. Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when

HYDE & SWIGART
San Diego, California

1    such amount was not expressly authorized by the agreement creating the debt

2    or permitted by law.    Consequently, Defendants violated 15 U.S.C. §

3    1692f(1).

4    42.  Because this violated certain portions of the federal Fair Debt Collection

5    Practices Act as these portions are incorporated by reference in the Rosenthal

6    Fair Debt Collection Practices Act, through California Civil Code § 1788.17,

7    this conduct or omission violated Cal. Civ. Code § 1788.17.

8                              **CAUSES OF ACTION**

9                                  **COUNT I**

10            **FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

11                        **15 U.S.C. §§ 1692 ET SEQ.**

12                         **(AS TO ALL DEFENDANTS)**

13   43.  Plaintiff repeats, re-alleges, and incorporates by reference, all other

14         paragraphs.

15   44.  The foregoing acts and omissions constitute numerous and multiple violations

16         of the FDCPA, including but not limited to each and every one of the above-

17         cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

18   45.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to

19         any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

20         an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

21         reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

22         Defendants.

23

24   //

25   //

26   //

27   //

28   //

**COUNT II**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)**

**CAL. CIV. CODE §§ 1788-1788.32**

**(AS TO ALL DEFENDANTS)**

46. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

47. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

48. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

//
//
//
//
//
//
//
//
//
//
//
//
//

**HYDE & SWIGART**
San Diego, California

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: 04/29/2013                    By:s/ Crosby S. Connolly
                                         Crosby S. Connolly
                                         Attorneys for Plaintiff

**HYDE & SWIGART**
San Diego, California